UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20939-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**SCHONTON HARRIS**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant, Schonton Harris's Motion Requesting Reduction in Sentence Pursuant to 18 USC 3582 – Compassionate Release as Modified Under First Step Act of 2018 [ECF No. 286], filed on April 7, 2021.[1] The relief Defendant requests is evident from the title of her Motion. On April 21, 2021, the Government filed its Response in Opposition to Defendant's Motion [ECF No. 295]. The Court has carefully reviewed the parties' written submissions, the record, and applicable law.

The 54-year-old Defendant seeks compassionate release from continued service of her 186-month prison sentence (*see* J. [ECF No. 86] 2) at the Bureau of Prisons ("BOP") Alderson Federal Prison Camp ("FPC") in Alderson, West Virginia stating: (1) her age and health conditions such as asthma, high blood pressure, chronic migraine headaches, and vertigo that make her vulnerable to a worse outcome if she contracts COVID-19 in federal prison where social distancing is impossible (*see* Mot. 1–6);[2] (2) the sentencing factors of 18 U.S.C. section 3553(a) support a

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Defendant files this Motion more than a year into the COVID-19 pandemic.

significant reduction in her sentence (*see id.* 7–9); and (3) the BOP is not equipped to protect her (*see id.* 9–10). The Government opposes Defendant's request for immediate release[3] explaining: (1) Defendant, who has already been vaccinated against COVID-19, fails to present any extraordinary and compelling reasons for release (*see* Resp. 7–10); and (2) the factors in 18 U.S.C. section 3553(a) do not support a compassionate release (*see id.* 10–12). The Court agrees with the Government.

Quite simply, Defendant does not present any extraordinary or compelling reason for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Defendant seeks relief under section 3582(c)(1)(A)(i) due to medical reasons that she insists make her more vulnerable to serious COVID-19 complications. Yet, given the fact she has been vaccinated against the virus, has not contracted COVID-19 during the over 13 months of the virus's existence, and has been managing her health conditions (none of which qualifies as a terminal illness or impairment that substantially diminishes her ability to provide self-care) at the BOP, Defendant does not present any extraordinary or compelling reason to release her with over 50 percent of her prison sentence yet to be completed.

Defendant's Motion emphasizes the challenges COVID-19 poses to the BOP in keeping inmates safe and socially distanced at Alderson FPC (*see* Mot. 5–7), her lack of any major infractions in the less than three years she has served (*see id.* 14), and decisions by other courts to grant prisoners compassionate release (*see id.* 7–9; 11–13), to urge that the Court order compassionate release (*see id.* 13–14). Defendant's arguments fail to persuade. The BOP has taken significant steps to protect the health of the inmates in its charge, including, as noted by the Government, administering COVID-19 vaccines to inmates, including Defendant. As of April 13,

---

[3] Defendant's projected release date is January 7, 2032. (*See* Resp. 2).

2021, Alderson FPC had zero positive COVID-19 cases among inmates, and one positive case among staff members; the facility had administered vaccines to 61 staff members and 57 inmates. (*See* Resp. 2 n.3 (citation omitted)). Defendant received her first dose of the Moderna vaccine on April 19, 2021; as of this writing, she should have received (or will soon receive) her second. (*See id.* 7). Defendant's rehabilitation during her less than three-year service of her sentence is unremarkable and is not considered an extraordinary and compelling reason for relief under section 3582(c)(1)(A).

Finally, "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. [section] 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (alterations added). Indeed, 18 U.S.C. section 3582 requires that a court contemplating a sentence reduction consider "the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A) (alteration added). Furthermore, the Court must deny a request for compassionate release unless it determines the defendant "is not a danger to the safety of any other person or to the community[.]" U.S.S.G. § 1B1.13(2) (alteration added). While Defendant's Motion purports to address the factors under 18 U.S.C. section 3553(a), in truth it does not. (*See* Mot. 7–9).

The Court agrees with the Government that the section 3553(a) factors do not favor an early release. The parties and the Court are certainly aware of the former police officer-Defendant's criminal conduct which resulted in her middle-of-the-Guidelines sentence; those are recounted in the Government's Response, appear in her Factual Proffer [ECF No. 55], and are not repeated here. (*See* Resp. 1–4; 10–12). Defendant's early release — by over ten years — would minimize the severity of the offense of conviction, undermine respect for the law and deterrence to criminal conduct, and fail to protect the public from further crimes of the Defendant. *See* 18

CASE NO. 18-20939-CR-ALTONAGA

U.S.C. § 3553(a)(2). Defendant's criminal conduct, committed while she was a police officer, is most certainly serious and deserving of the sentence imposed. No extraordinary or compelling reason is presented to change it.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Schonton Harris's Motion Requesting Reduction in Sentence Pursuant to 18 USC 3582 – Compassionate Release as Modified Under First Step Act of 2018 **[ECF No. 286]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 4th day of May, 2021.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record; Defendant, *pro se*